Huey P. McCOY, Petitioner,

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 90–4573.

United States Court of Appeals, Fifth Circuit.

July 10, 1991.

Gordon N. Blackman, Jr. Shreveport, La., for petitioner.

Huey P. McCoy, pro se.

Arthur A. Arfa, Dale Zimmerman, Gen. Counsel, Steven A. Bartholow, Dep. Gen. Counsel, Railroad Retirement Bd., Chicago, Ill., for respondent.

Before SMITH and DUHÉ, Circuit Judges, and POLOZOLA,[1] District Judge.

JERRY E. SMITH, Circuit Judge:

I.

Huey McCoy was employed from 1955 to 1967 on the Texas and Pacific Railway. From 1969 to 1984 he worked as a custodian in a Louisiana school, until he had to retire for health reasons.

McCoy receives a disability benefit from Louisiana and is eligible for an annuity under the Railroad Retirement Act (the Act), which states that any disability annuity should be calculated as if it were payable under the Social Security Act. Pursuant to those provisions, the Railroad Retirement Board (the Board) calculated McCoy's annuity so that it reflected only his wages earned while he was in the private sector. Because this resulted in an annuity that was less than the amount that McCoy is

1. District Judge of the Middle District of Louisiana, sitting by designation.

receiving from Louisiana, the offset provisions in the Social Security Act reduced McCoy's recovery to zero. McCoy now appeals.

## II.

### A.

■ The Board's findings of fact are conclusive, so long as they are supported by the evidence. 45 U.S.C. § 355(f). We review any decision of the Board under a substantial evidence standard. *Elzy v. Railroad Retirement Bd.*, 782 F.2d 1223, 1225 (5th Cir.1986) (per curiam); *Kurka v. Railroad Retirement Bd.*, 615 F.2d 246, 249–50 (5th Cir.1980). The core question in this case, however, is legal, and we thus review the Board's construction of the law de novo.

The Railroad Retirement Act, 45 U.S.C. § 231b, provides as follows:

> The annuity of an individual under section 2(a)(1) of this Act shall be in an amount equal to the amount ... of the old-age insurance benefit or disability insurance benefit to which such individual would have been entitled under the Social Security Act if all of his or her service as an employee after December 31, 1936, had been included in the term 'employment' as defined in that Act.

The Board calculated McCoy's annuity, pursuant to social security law, by taking into account only those years in which McCoy paid money to social security. This figure, which is not disputed, is $389.70. Social security law, however, provides that this amount should be reduced by any recovery from a state disability fund. 42 U.S.C. § 424a(a). Because McCoy receives $392.69 from Louisiana, the Board ruled that McCoy's tier 1 annuity is the difference between the two, or zero.

McCoy contends that this was error. Under the applicable social security provisions, a claimant also can recover based upon his average wage in the last six years he worked before he was disabled. McCoy wishes to use this alternate calculation, but to make the calculation using his last six years as a public employee, even though he was not part of the social security system during that time.

■ McCoy concedes that this calculation would be improper if the Board were calculating his social security recovery, but contends that the calculations should differ when the Board is making the calculation under the Act. Adopting this position, however, would ignore the plain language of the statute, which states that all railroad disability annuities should be identical to what social security would pay in the same situation. Under McCoy's interpretation, this symmetry no longer would obtain, and the plain meaning of the statute no longer would apply.

Congress explicitly borrowed social security law when it passed the Act, and McCoy can point to no provision in the Act in which Congress manifested any intention to have the two diverge in this specific area. In addition, we defer to a reasonable agency interpretation of its own laws. *Lawrence County v. Lead–Deadwood School Dist.*, 469 U.S. 256, 262, 105 S.Ct. 695, 698, 83 L.Ed.2d 635 (1985). We therefore affirm the Board's decision to restrict McCoy's annuity calculations to those years in which he was covered by the social security system.

### B.

■ McCoy disputes not only the amount of wages upon which his benefits are based, but also whether the Board should have reduced his recovery by the amount that he receives from Louisiana. Social security law provides that any social security payment should be reduced, dollar-for-dollar, for any recovery a disabled worker gets from a state disability fund, but that a claimant's benefits should not be reduced if state law provides its own offset for claimants who are receiving social security benefits. 42 U.S.C. §§ 424a(a), (d). The Social Security Act includes this provision to avoid the possibility of multiple offsets' improperly diminishing a claimant's payouts on both the state and federal level.

Louisiana law provides that state payments "shall be modified" when a state

worker receives any other disability payments but that "[s]ocial security shall not be deducted if the retirement system in which the member is vested provides for joint participation and benefits with social security." La.Rev.Stat.Ann. § 42:705(E). In his capacity as a school employee, McCoy did not pay any social security taxes, and he cannot recover any social security payments for his time spent working for the school board. His retirement system thus did not provide for joint participation, which means that Louisiana "shall" apply its own offset provision.

Because Louisiana law provides for an offset, the Board's decision to provide its own offset was improper under section 424a(d). The Board disputes this conclusion, contending that because Louisiana law provides that Louisiana in its discretion may decide to waive its own offset, it is not certain that McCoy in fact will have his state benefits reduced. Under the Board's view, only states that provide for mandatory offsets satisfy the exception to the federal offset provisions.

This view ignores the language of the statute, which states that "[t]he reduction of benefits required by this section shall not be made if the [state] *law or plan* . . . provides for a reduction." 42 U.S.C. § 424a(d) (emphasis added). Because the Louisiana statute provides for its own reduction, the terms of the social security statute are satisfied.

The disability offset hinges on state law and should lead to a uniform result for each state as a whole, depending upon the provisions of each state statute. The fact that Louisiana, in its discretion, chooses to provide McCoy with a higher level of benefits than is required by state law is irrelevant, as federal law only refers to the specifics of state law.

Applying these principles, we conclude that while the Board correctly calculated McCoy's disability annuity, it improperly offset this recovery by the amount that McCoy is receiving from Louisiana. McCoy thus should recover a tier I annuity of $389.70, rather than zero. We GRANT the petition for review and REMAND this matter to the Board for further proceedings consistent herewith.