**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-60529
Summary Calendar

_____

CHRISTOPHER FANCHER,

Petitioner,

versus

UNITED STATES RAILROAD RETIREMENT BOARD,

Respondent.

_____

Petition for Review from an Order
of the United States Railroad Retirement Board
Docket No. WCA-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

_____

Before REAVLEY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner Christopher Fancher ("Fancher") appeals from a decision of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States Railroad Retirement Board ("the Board") limiting his annuity as a disabled child to six months prior to the month of his application. The Court will uphold the Board's findings of facts as long as they are supported by substantial evidence, but reviews any construction of law *de novo*. *McCoy v. R.R. Retirement Bd.*, 935 F.2d 87, 88 (5th Cir. 1991). We affirm for the following reasons:

1. Fancher contends that the statute which entitles him to an annuity also entitles him to receive back benefits from the date of his qualification. In support of his argument, he refers to 45 U.S.C.A. § 231d, which provides, in pertinent part:

> . . . A child whose entitlement to an annuity under paragraph (iii) of section 231a(d)(1) of this title terminated with the month preceding the month in which he or she attained age 18, or with a subsequent month, may again become entitled to such an annuity (providing no event to disqualify the child has occurred) beginning with the first month thereafter in which he or she meets the qualifications set forth in clause (B) or (C) of such paragraph (iii), if he or she has filed an application for such reentitlement.

45 U.S.C.A. § 231d(c)(7) (West 2002).

Fancher asserts that the phrase "beginning with the first month thereafter in which he or she meets the qualifications. . ." means that the entitled child must receive benefits beginning from the date that they qualified for the annuity. The Board, which does not dispute the application of Section 231d(c)(7) to Fancher's case, argues that this part of the statute must be read in conjunction with Section

231d(a) of the Act, which provides:

> Subject to the limitations set forth below, an annuity under section 231a of this title shall begin with the month in which eligibility therefor was otherwise acquired, but–. . .(iii) in the case of an applicant otherwise entitled to an annuity under section. . .231a(d) of this title... not earlier than the latest of (A) the first day of the sixth month before the month in which the application therefor was filed. . .

45 U.S.C.A. § 231d(a) (West 2002).

According to the Board's interpretation, this provision requires that Fancher's annuity begin, at the earliest, on the first day of the sixth month before the month in which he filed his application. Fancher asserts that reading the statute in this way renders it meaningless. He contends that the specific provision of section 231d(c)(7) conflicts with the more general provision of section 231d(a), and that the canons of statutory construction provide that the specific provision should govern in such a case. *Edmond v. United States*, 520 U.S. 651, 656, 117 S. Ct. 1573, 1578 (1997).[1]

We find that the two provisions are not irreconcilable. Words in a statute are

---

[1] Fancher also notes that Section 231d(c)(7) contains a sentence providing that children who cease to be disabled, but become disabled again, ". . . may become reentitled to an annuity on the basis of such disability upon his or her application for such reentitlement," and argues that this different language requires that the two sentences be interpreted differently. Despite the different wording, we find that the unambiguous meaning of the two sentences is the same: to be re-entitled to an annuity, a child must file an application.

generally interpreted to bear their common, ordinary meaning. *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 207, 117 S. Ct. 660, 664 (1997). Section 231d(c)(7) simply provides that, if he or she files an application, an applicant may become entitled to an annuity when they meet one of the statute's requirements. Section 231d(a) limits that entitlement to six months before the disabled child files the application. Thus, as the statute states, Fancher's annuity should date from the first day of the sixth month before he filed his application.

2.  Fancher also argues that because no one on the Board suggested to him or his mother that he might qualify for benefits as a disabled child, the Board deterred him from applying from an annuity. Federal regulations provide the definition of a person deterred from filing:

> A person who telephones or visits a Board office stating that he or she wishes to file for an annuity or lump sum, but puts off filing because of an action or lack of action by an employee of the Board, can establish a filing date based on that oral notice if the following conditions are met:
> (a) There is evidence which establishes that the employee of the Board failed to--
> (1) Tell the person that it was necessary to file an application on the proper form; or
> (2) Tell the person that a written statement could protect the filing date; or
> (3) Give the person the proper application form; or
> (4) Correctly inform the person of his or her eligibility.

20 C.F.R. § 217.21 (2006).

4

Fancher does not allege that he attempted to file for an annuity after he was disqualified for graduating from high school. Instead, he contends that the Board representatives should have noticed his condition and then informed his mother that she could apply for an annuity. However, the text of the regulation states that it applies to those who state "that he or she wishes to file for annuity or lump sum. . ." *Id.* The regulation does not place a burden on Board representatives to recognize a disabled person when he has not actually applied for a disabled child annuity, even if the representatives should have known that Fancher was disabled. Fancher applied for and successfully received one annuity. According to the terms of the regulation, Fancher needed to state that he wished to file for another annuity before he could be deterred from filing.

AFFIRMED.

5